UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON KAY CLARK, | No. 2:14-cv-0851 DB |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the court on plaintiff's fully briefed motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").[1]

Plaintiff brought this action seeking judicial review of a final administrative decision denying her application for Supplemental Security Income under Title II of the Social Security Act. On March 9, 2016, following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment by defendant, the court granted plaintiff's motion, reversed the decision of the Commissioner and remanded this action for further proceedings.[2] (Dkt. No.

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See Dkt. Nos. 8 & 10.)

[2] On August 3, 2016, the action was reassigned from the previously assigned Magistrate Judge to the undersigned. (Dkt. No. 25.)

19.)

On June 6, 2016, plaintiff filed this motion for attorney's fees. (Dkt. No. 22.) Plaintiff's motion seeks an award of $11,636.92 in attorney's fees. On July 6, 2016, defendant filed an opposition to plaintiff's motion. (Dkt. No. 24.)

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001)

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.") . "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez, 274 F.3d at 1257.

Here, the court finds that plaintiff is the prevailing party, that plaintiff did not unduly delay this litigation, and that her net worth did not exceed two million dollars when this action was filed. (Dkt. No. 3.) Defendant argues that the government's position was substantially

justified, citing Campbell v. Covlin, 736 F.3d 867 (9th Cir. 2013).  Campbell, however, was "one of the 'unusual' cases where attorneys' fees should not be awarded under the EAJA," because the ALJ was tasked with "extrapolating from medical records to make a decision about a past condition," as opposed to examining current medical records.  Id. at 869.  Here, this action is not one of those unusual cases.

In this regard, in granting plaintiff's motion for summary judgment, the court found that the ALJ gave a "vague and conclusory" summation of the treatment of three medical opinions, gave an incorrect and insufficient reason for "set[ting] aside" one of those opinions, and rejected another opinion as simply "too restrictive for the objective findings in the record."  (Dkt. No. 19 at 4, 7 & 9.)  Such actions clearly constituted error.  See Garrison v. Colvin, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."); Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) ("The ALJ must consider all medical opinion evidence.").

Moreover, the ALJ also erred by rejecting "plaintiff's testimony by stating simply that although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms [were] not credible to the extent they [were] inconsistent with the ALJ's residual functional capacity assessment."  (Dkt. No. 19 at 12.)  Such an action also clearly constituted error.  See Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) ("The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.").

Accordingly, the court finds that the position of the government was not substantially justified.  See Martin v. Commissioner of Social Sec. Admin., 598 Fed. Appx. 485, 486 (9th Cir. 2015) ("Because the ALJ failed to provide specific and legitimate reasons for rejecting the examining physician's opinion and the RFC failed to incorporate this physician's four-hour

/////

3

standing and walking limitation, the ALJ's decision was not substantially justified.")[3]; Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (position of the government "includes both the government's litigation position and the underlying agency action giving rise to the civil action."); Shafer v. Astrue, 518 F.3d 1067, 1069-72 (9th Cir. 2008) (reversing the district court's denial of EAJA fees where the ALJ erred in rejecting, without explanation, a non-examining doctor's opinion, in contravention of governing regulations requiring ALJ to evaluate every medical opinion received); Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) ("Our holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the position of the United States . . . was not substantially justified").

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost of living.[4] See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir. 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998). Determining a reasonable fee "'requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate.'" Atkins, 154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (internal citations omitted)). The district court must consider "'the relationship between the amount of the fee awarded and the results obtained.'" Id. at 989 (quoting Hensley, 461 U.S. at 437).

Here, after drafting a thorough motion for summary judgment, and opposition to defendant's motion for summary judgment, plaintiff successfully obtained a new hearing. In this regard, after carefully reviewing the record and the pending motion, the court finds the claimed

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

[4] In accordance with the decision in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. See http://www.ca9.uscourts.gov. Here, plaintiff's requested rates are equal to the statutory maximum rate established by the Ninth Circuit.

75.25 hours of attorney and paralegal time to be a reasonable amount of time to have expended on this matter and declines to conduct a line-by-line analysis of counsel's billing entries. See, e.g., Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Knowles v. Colvin, Case No. 1:14-cv-1657-SKO, 2016 WL 3407594, at *3 (E.D. Cal. June 20, 2016); Duran v. Colvin, No. 2:11-cv-2978 DAD, 2013 WL 5673415, at *2 (E.D. Cal. Oct. 17, 2013); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011); Destefano v. Astrue, No. 05-CV-3534, 2008 WL 623197, *4 (E.D. N.Y. Mar. 4, 2008).

Moreover, although plaintiff's counsel expended 75.25 hours of time on this action, plaintiff is only seeking compensation for 68.05 hours of time, which includes the amount of time plaintiff expended on the motion for attorney's fees. (Dkt. No. 23-1.) That is not an unreasonable amount of time when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this court. See Stamper v. Colvin, No. 2:12-cv-0192 AC, 2013 WL 6839691, at *2 (E.D. Cal. Dec. 23, 2013) (finding 51 hours to be a reasonable amount of time); Boulanger v. Astrue, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); Watkins v. Astrue, No. CIV S-06-1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); see also Costa v. Commissioner of Social Sec. Admin., 690 F.3d 1132, 1137 (9th Cir. 2012) ("District courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on 'routine' social security cases."). See generally Costa, 690 F.3d at 1136 ("we question the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court"); Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").

Defendant argues "that a 25% reduction in the overall hours is warranted," based on defendant's arguments that some of plaintiff's time was spent on clerical tasks, legal research,

hours spent "soliciting the case," and "duplicative efforts." (Dkt. No. 24 at 11-13.) Although the court largely disagrees with defendant's arguments, it is true that plaintiff should not be compensated for purely clerical tasks. See Tate v. Colvin, No. 1:11-cv-1643 SKO, 2013 WL 5773047, at *9 (E.D. Cal. Oct. 24, 2013) ("Downloading and submitting documents to the Court is a clerical task. Similarly, filing documents is a clerical task, regardless of whether counsel has delegated the authority to his paralegal to access his CM/ECF account and electronically sign and submit documents."). Accordingly, .8 hours of paralegal time, which was spent on clerical tasks, will be deducted from plaintiff's award.

Moreover, plaintiff seeks paralegal compensation at rates of $125 and $130 per hour. However, although not raised in defendant's opposition, "[a]ccording to the court's own research, 'the paralegal rate favored in this district is $75 per hour.'" Pehle v. Dufour, No. 2:06-cv-1889 EFB, 2014 WL 546115, at *7 (E.D. Cal. Feb. 11, 2014) (quoting Friedman v. California State Employees Association, No. CIV. 2:00-101 WBS DAD, 2010 WL 2880148, at *4 (E.D. Ca. July 21, 2010)); see also Kalani v. Statewide Petroleum, Inc., No. 2:13-CV-2287 KJM AC, 2014 WL 4230920, at *6 (E.D. Cal. Aug. 25, 2014) ("courts in Sacramento have repeatedly determined in recent years that the prevailing hourly paralegal rate is $75"). Plaintiff, therefore, will be awarded compensation for paralegal time at a rate of $75 per hour.

Accordingly, after excluding .8 hours of paralegal time and adjusting the rate of paralegal compensation to a rate of $75 an hour, the court will award plaintiff compensation for 67.25 hours of time expended on this action (45.3 hours of attorney time and 21.95 hours of paralegal time), at the rates discussed above, for a total award of $10,265.77 in attorney's fees.[5] Plaintiff's request for $72.18 in costs spent on legal research will also be granted. See Sarro v. Astrue, 725 F.Supp.2d 364, 368 (E.D. N.Y. 2010) (awarding $430.17 "for computerized research services").

Finally, plaintiff requests that the EAJA fee award be made payable to plaintiff's counsel pursuant to a fee agreement signed by plaintiff. (Dkt. No. 22 at 8.) However, an attorney fee

---

[5] Although counsel provided a billing statement, that statement simply provided a running tab of non-billed and billed attorney and paralegal hours at various rates, making the court's calculations quite difficult. In the future, it would aid the court greatly if counsel could provide the court with calculations that separated out such categories.

1  award under the EAJA is payable to the litigant and is therefore subject to a government offset to
2  satisfy any pre-existing debt owed to the United States by the claimant. Astrue v. Ratliff, 560
3  U.S. 586, 592-93 (2010).

4      Subsequent to the decision in Ratliff, some courts have ordered payment of the award of
5  EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees,
6  provided that the plaintiff has no debt that requires offset. See Blackwell v. Astrue, No. CIV 08-
7  1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No. CIV 09-
8  0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-cv-
9  01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, No. EDCV
10 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010). Similarly, in recently submitted
11 stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have
12 stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's
13 assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the assignment by
14 making the fees and expenses payable directly to counsel. The court will incorporate such a
15 provision in this order.

16     Accordingly, IT IS HEREBY ORDERED that:

17     1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (ECF
18 No. 22) is granted;

19     2. Plaintiff is awarded $10,265.77 in attorney's fees and $72.18 in costs under 28
20 U.S.C. § 2412(d); and

21 //////
22 /////
23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

3. Defendant shall determine whether plaintiff's EAJA attorney's fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed by plaintiff.

Dated:  August 5, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DDB:6
Ddb1\orders.soc sec\clark0851.eaja.ord